UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SANDRA PATINO,

                Plaintiff*,*          **COMPLAINT**

    -against-

                          **PLAINTIFF DEMANDS**
PHILIP M. PALMERI DPM, P.C. d/b/a      **A TRIAL BY JURY**
FRANKLIN SQUARE PODIATRY and
TOMASZ ROSTKOWSKI, *individually*

                Defendants.
-------------------------------------------------------------X

        Plaintiff SANDRA PATINO ("Plaintiff"), by her attorneys, PHILLIPS & ASSOCIATES, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964 as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), and the New York State Human Rights Law, 15 N.Y. Exec. Law §§ 290 *et seq*. ("NYSHRL") and seeks damages to redress the injuries she been suffering as a result of being **discriminated against, sexually harassed, and subjected to discriminatory harassment on the basis of her sex/gender (female) and retaliated against for objecting to sexual harassment.**

## PARTIES

2. Plaintiff is a female who resides in Queens, New York.

3. Upon information and belief, Defendant FRANKLIN SQUARE PODIATRY is a domestic limited liability company.

4. Upon information and belief, at all relevant times, Defendant TOMASZ ROSTKOWSKI ("ROSTKOWSKI") was and is an employee of Defendant FRANKLIN SQUARE

1

PODIATRY.

5. At all relevant times, Defendant ROSTKOWSKI was and is a doctor in FRANKLIN SQUARE PODIATRY's practice and in that capacity was Plaintiff's supervisor and/or had supervisory authority over Plaintiff. Defendant ROSTKOWSKI had the authority to hire, fire or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

### JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

6. This Court has subject matter jurisdiction over Claimant's claims pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

7. This Court has supplemental jurisdiction over Claimant's claims under the NYSHRL pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of New York.

9. Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action by: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 16, 2021; (b) receiving a Notice of Right to Sue from the EEOC on July 14, 2022; and (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC.

### MATERIAL FACTS

10. In or around August 2019, Plaintiff began working for Defendant FRANKLIN SQUARE PODIATRY as a Medical Assistant at Defendant's 925 Hempstead Turnpike office located in Franklin Square, New York earning $15 per hour and working approximately 40 hours per week.

11. Starting in or around summer 2020, Plaintiff began to be subjected to unwanted sexual comments, advances, and touching by her supervisor, TOMASZ ROSTKOWSKI on an almost daily basis. By way of example, ROSTKOWSKI began to stand uncomfortably close to Plaintiff, grab Plaintiff and pull her towards him, and touch Plaintiff's waist and shoulders. Plaintiff felt confused and embarrassed by ROSTKOWSKI's advances.

12. In or around September 2020, ROSTKOWSKI began to ask Plaintiff for massages. On several such occasions, after all other staff had left the office in the evening, ROSTKOWSKI locked the doors to the office and asked Plaintiff to massage his head, chest, and legs. Plaintiff rebuffed ROSTKOWSKI's advances and felt extremely upset and fearful.

13. In or around November 2020, ROSTKOWSKI began to rub his groin up against Plaintiff while Plaintiff was completing her tasks at work. Plaintiff was shocked, disgusted, and embarrassed.

14. In or around February 2021, ROSTKOWSKI began to push Plaintiff into patient rooms and touch her butt and breasts nearly every day that their work schedules overlapped. ROSTKOWSKI began to demand Plaintiff show ROSTKOWSKI her breasts or touch ROSTKOWSKI's penis and get aggravated when Plaintiff refused. Plaintiff grew increasingly fearful as ROSTKOWSKI began to follow Plaintiff into isolated parts of the office and touch her.

15. In or around March 2021, ROSTKOWSKI asked Plaintiff, **"When are you going to give me a blowjob, I've been waiting."** When Plaintiff refused, ROSTKOWSKI pulled Plaintiff close to him and asked, "why not." Plaintiff was mortified, disgusted, and fearful.

16. In or around April 2021, ROSTKOWSKI exposed himself to Plaintiff and stated in sum and substance, **"What are you going to do with this? Can you just touch it?"**

17. In the months that followed, ROSTKOWSKI again exposed himself to Plaintiff numerous times in his office and in the supply room. On one such occasion, stating to Plaintiff, **"Suck it, just suck it."** Plaintiff continued to feel upset, scared, and embarrassed by ROSTKOWSKI's repeated harassment.

18. In or around July 2021, ROSTKOWSKI began to slam doors and throw items around Plaintiff in the office. Plaintiff understood this aggressive behavior to be in retaliation for rejecting ROSTKOWSKI's advances. Plaintiff repeatedly pushed ROSTKOWSKI away and told him, "No," and "Stop."

19. Around this time, ROSTKOWSKI changed Plaintiff's schedule from approximately 40 hours per week and a daily schedule of 8 AM to 4 PM, to a reduced schedule of about 28-30 hours per week. Notably, ROSTKOWSKI changed Plaintiff's daily schedule to be 1 PM to 6 PM, which Plaintiff understood was in an effort to have Plaintiff stay later in the evening when fewer people would be around. Plaintiff grew increasingly fearful and withdrawn and understood that her livelihood was at stake because of ROSTKOWSKI's sexual harassment.

20. On or about September 14, 2021, Human Resources contacted Plaintiff and let her know that ROSTKOWSKI and Dr. Palmieri, the owner of FRANKLIN SQUARE PODIATRY, had requested that Plaintiff be fired. Plaintiff understood this to be in retaliation for Plaintiff rejecting his sexual advances and propositions. Plaintiff was devastated, shocked, hurt, and disturbed.

21. Defendants engaged in unlawful employment practices by discriminating against Plaintiff because of her **sex/gender (female).**

22. Defendants knew that Plaintiff was being subjected to a hostile work environment.

23. Defendants condoned, supported, ratified, and furthered the discriminatory and hostile conduct.

24. Defendants willingly ignored their obligations to prevent discrimination in the workplace - to the detriment of Plaintiff.

25. Despite Defendants' clear knowledge of the discriminatory actions against Plaintiff, Defendants did not make any effort to remedy the situation.

26. Throughout her employment, Plaintiff felt humiliated, stressed, demeaned, insulted, fearful, and frustrated.

27. Defendants allowed an environment to exist that is permeated with sexual harassment, gender-based discrimination, and other unlawful acts against Plaintiff.

28. Defendants' actions and conduct were intentional, grossly negligent, and intended to harm Plaintiff.

29. As a result, Plaintiff was unlawfully humiliated, degraded and belittled, suffered violations of her rights, suffered physical, mental, and emotional distress, experienced inconvenience, pain and suffering, humiliation, stress, anxiety, embarrassment and other emotional distress.

30. Plaintiff also suffered emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

31. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

32. Punitive damages are warranted against all Defendants.

**AS A FIRST CAUSE OF ACTION**
**DISCRIMINATION UNDER TITLE VII**

33. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this

Complaint.

34. This claim is authorized and instituted pursuant to the provisions of Title VII for relief based upon the unlawful employment practices of Corporate Defendants.

35. Plaintiff complains of Corporate Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's **<u>sex/gender</u>**.

36. Corporate Defendants engaged in unlawful employment practices by discriminating against Plaintiff because of her **<u>sex/gender (female)</u>**.

## AS A SECOND CAUSE OF ACTION
## RETALIATION UNDER TITLE VII

37. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

38. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> (1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

39. Corporate Defendants engaged in unlawful employment practice prohibited by Title VII by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Corporate Defendants.

## AS A THIRD CAUSE OF ACTION
## DISCRIMINATION UNDER THE NYSHRL

40. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

41. Executive Law § 296 provides that,

6

> 1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

42. Defendants engaged in unlawful discriminatory practices by discriminating against Plaintiff because of her **sex/gender (female)**.

## AS A FOURTH CAUSE OF ACTION
## RETALIATION UNDER THE NYSHRL

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

44. Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

45. Defendants engaged in unlawful discriminatory practices by discriminating against Plaintiff because of her opposition to the unlawful employment practices of the Defendants.

## AS A FIFTH CAUSE OF ACTION
## AIDING AND ABETTING UNDER THE NYSHRL
## (Against Individual Defendant)

46. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

47. New York State Executive Law § 296(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so.

48. Defendant ROSTKOWSKI violated the section cited herein as set forth above.

## JURY DEMAND

49. Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII and the NYSHRL in that Defendants discriminated against Plaintiff on the basis of her gender/sex.

B. Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII, and the NYSHRL, in that Defendants retaliated against Plaintiff for engaging in a protected activity;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
July 29, 2022

                                          **PHILLIPS & ASSOCIATES,**
                                          **ATTORNEYS AT LAW, PLLC**

By:   *Brittany Stevens*
           _____
           Brittany A. Stevens, Esq.
           Morgan Mickelsen, Esq.
           *Attorneys for Plaintiff*
           45 Broadway, Suite 430
           New York, New York 10006
           T: (212) 248-7431
           F: (212) 901-2107
           bstevens@tpglaws.com
           mmickelsen@tpglaws.com